KLEINFELD, Senior Circuit Judge,
dissenting:
I respectfully dissent.
We apply the deferential substantial evidence standard and must affirm if the administrative determination was supported by “such relevant evidence as a *182 reasonable mind might accept as adequate to support a conclusion.” [1]
Because Dr. Sarma’s opinion was to the contrary, the ALJ needed to provide only “specific and legitimate” reasons to reject Dr. Duke’s opinion.[2] The ALJ gave three reasons for rejecting Dr. Duke’s opinion: (1) Dr. Duke’s opinion was not supported by “contemporaneous examinations and objective medical findings,” (2) Dr. Duke’s opinion was contradicted by that of Dr. Sarma (an examining physician board certified in internal medicine) as well as by that of Dr. Jefferson, and (3) Ms. McKin-zie’s daily activities “indicated that she is not as limited as stated by Dr. Duke.” As she herself described them, her daily activities included earing for her pets, cooking, shopping, performing housework, and driving.
Dr. Duke provided a checklist noting abnormal gait and limited use of her hands. But Dr. Sarma reported that during his clinical examination Ms. McKinzie got on and off the examining table without assistance, had full strength in her arms and legs, and normal gait. Doubtless an important factor in Dr. Sarma’s evaluation was his observation that Ms. .McKinzie “gave inadequate effort” on one of the clinical tests. Another of McKinzie’s own physicians, Dr. Adamany, a neurologist to whom Dr. Duke referred her, also observed her “normal gait” and “full active range of her fingers” on both hands.
The evidence from Dr. Sarma, Dr. Adamany, Dr. Jefferson, and Dr. Johnson, as well as Ms. McKinzie’s daily activities, and Dr. Sarma’s observation that Ms. McKinzie “gave inadequate effort on the pulmonary function test” provided a sufficient basis in the record for the ALJ’s finding of fact that Ms. McKinzie’s “statement concerning the intensity, sensitivity, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above functional capacity assessment.” The same evidence constitutes a sufficient basis in the record, for the hypothetical posed to the vocational expert.[3] . On the basis of this record, I would affirm the district court.

. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995).

. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996).

. Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir.1989).